IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

ENRIQUE HERNANDEZ,
MARKOS ESQUER, and
JAMES BERNARD WRIGHT,

    Petitioners,

v.                                                                                 No. 23-cv-0788-JCH-JMR

BOARD OF COUNTY COMMISSIONERS
OF BERNALILLO COUNTY, *et al*,

    Respondents.

## MEMORANDUM OPINION AND ORDER

This matter is before the Court on the *pro se* Habeas Petition (Doc. 1) (Petition) filed by Enrique Hernandez, Markos Esquer, and James Bernard Wright. Each individual signed the Petition while incarcerated at the Metropolitan Detention Center in Albuquerque, New Mexico. The Petition alleges that the state court denied Petitioners' constitutional rights by, inter alia, ordering their continued pretrial detention. The title of the Petition seeks relief under 28 U.S.C. § 2241, which is proper vehicle for challenging pretrial detention. *See Walck v. Edmondson,* 472 F.3d 1227, 1235 (10th Cir. 2007) ("[A] state court defendant attacking his pretrial detention should bring a habeas petition pursuant to ... 28 U.S.C. § 2241"). However, the Petition also cites the Eighth Amendment and 42 U.S.C. § 1983, which govern conditions of confinement claims, and 28 U.S.C. § 2254, which governs challenges to a conviction/sentence. *See Boutwell v. Keating,* 399 F.3d 1203, 1209 (10th Cir. 2005) (noting conditions of confinement claims arise under § 1983); *Sacoman v. Santistevan*, 2024 WL 2973707, at *1 (10th Cir. June 13, 2024) ("Section 2254

is the proper vehicle to challenge the validity of a state conviction and sentence") (citing *Montez v. McKinna*, 208 F.3d 862, 865 (10th Cir. 2000).

Fed. R. Civ. P. 8(a) requires each federal pleading to contain a short and plain statement of the grounds for relief. "Rule 8 serves the important function of enabling the court and the defendant to know what claims are being asserted and to determine how to respond to those claims." *Tuttamore v. Lappin*, 429 Fed. App'x 687, 689 (10th Cir. 2011). Because the Petition cites virtually all remedies available to an inmate, it does not comply with Rule 8(a). Even assuming Petitioners primarily seek habeas relief under 28 U.S.C. § 2241, based on the title of the pleading and their arguments, the Petition does not set forth sufficient details regarding each Petitioner's pretrial custody. The Court is also unable to screen the Petition to determine whether each Petitioner complied with certain procedural requirements, such as exhaustion of state remedies. *See Hamm v. Saffle*, 300 F.3d 1213, 1216 (10th Cir. 2002) (a state prisoner challenging the execution of his sentence pursuant to § 2241 to exhaust available state court remedies prior to filing a federal habeas petition).

For these reasons, the Court will require each Petitioner to file his own signed pleading within thirty (30) days of entry of this Order. The pleading must specify what relief each Petitioner seeks and include factual detail to support each claim. If a Petitioner seeks to challenge his custody under 28 U.S.C. § 2241, he must include details regarding his pretrial detention and his efforts (if any) to exhaust state remedies. Petitioners are reminded that to obtain habeas relief in federal court, they must first present each claim to the New Mexico Supreme Court and obtain a ruling from that court. *See Dever v. Kansas State Penitentiary*, 36 F.3d 1531, 1534 (10th Cir. 1994) ("The exhaustion requirement is satisfied if the federal issue has been properly presented to the highest state court, either by direct review of the conviction or in a postconviction attack."). By

the same deadline, Petitioners Markos Esquer and James Bernard Wright must file a motion to proceed *in forma pauperis* along with an account statement reflecting transactions for a six-month period. None of the Petitioners prepaid the $5.00 filing fee, but Hernandez filed and signed his own *in forma pauperis* motion (Doc. 2). If any Petitioner fails to comply with this Order, his claims may be dismissed without prejudice and without further notice.

The Court finally notes that it may not be feasible or permissible to adjudicate Petitioners' claims in a single proceeding. The Court will review the amended pleadings before making that determination.

**IT IS ORDERED** that within thirty (30) days of entry of this Order, each Petitioner shall file and sign his own amended 28 U.S.C. § 2241 habeas petition, if he challenges his pretrial custody; and the Clerk's Office shall mail a blank § 2241 petition to each Petitioner.

**IT IS FURTHER ORDERED** that within thirty (30) days of entry of this Order, Petitioners Markos Esquer and James Bernard Wright must file a motion to proceed *in forma pauperis* along with an inmate account statement reflecting transactions for a six-month period.

**IT IS FINALLY ORDERED** that the Clerk's Office shall mail a copy of this Order to Petitioners Enrique Hernandez, Markos Esquer, and James Bernard Wright using the address/inmate numbers listed in the Petition (Doc. 1 at 11).

_____
SENIOR UNITED STATES DISTRICT JUDGE